**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ABEL D. GARZA, | DOCKET NUMBER |
| Appellant, | DA-3443-15-0397-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND | DATE: February 5, 2016 |
| SECURITY, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Abel D. Garza, Laredo, Texas, pro se.

Benjamin D. Wolarsky, Esquire, and Lisa M. Ezra, Esquire, Laredo, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of the agency's decision to withdraw its conditional offer of employment. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant applied for a position as a Border Patrol Agent with the Customs and Border Protection Agency. Initial Appeal File (IAF), Tab 8 at 97-121. The agency informed the appellant of his tentative selection "to begin the pre-employment process for the position." *Id*. at 97. The agency also informed the appellant that final offers would only issue after the applicants successfully completed all of the preemployment requirements, including, but not limited to, a background investigation and a polygraph examination. *Id*. During the preemployment process, the Office of Personnel Management (OPM) notified the agency that the appellant was not suitable for the Board Patrol Agent position, and the agency withdrew his tentative offer of employment. *Id*. at 22-23.

¶3 The appellant filed an appeal with the Board challenging his nonselection as a negative suitability determination. IAF, Tab 1 at 5. The appellant also argued that the agency failed to properly notify him of the decision or give him the opportunity to respond. IAF, Tab 6. The agency filed a motion to dismiss the appeal, arguing that the Board has no jurisdiction to review the agency's nonselection action. IAF, Tab 8 at 17. The administrative judge informed the appellant of the criteria applicable to suitability actions and ordered the appellant

to provide evidence and argument showing that the Board had jurisdiction over his appeal as a negative suitability determination under 5 C.F.R. part 731. IAF, Tab 10 at 2. The appellant responded to the order by arguing he was qualified for the position, challenging the merits of his nonselection, and claiming that the agency's action adversely affected his future employment prospects and resulted in his subsequent rejection for a position as a Customs and Border Protection Officer. IAF, Tab 12 at 3-4.

¶4       The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 13, Initial Decision (ID) at 1. The administrative judge found that the agency rescinded the appellant's tentative offer of employment for the Border Patrol Agent position because he did not successfully complete the pre employment process and that the rescission was not an appealable suitability action under the Board's regulations. ID at 5. The administrative judge also found that the appellant had not asserted any other matter over which the Board had jurisdiction. PFR File, at 6.

¶5       The appellant filed a petition for review reasserting the arguments he made on appeal, challenging the merits of his nonselection and arguing that the agency denied his due process right to defend his character and correct any false information. Petition for review (PFR) File, Tabs 1, 4; IAF, Tabs 6, 12. The appellant also argues that the Board should have jurisdiction over his appeal because he is a Christian male entitled to due process. PFR File, Tab 4 at 13. The agency responded in opposition to his petition. *Id.*, Tab 3.

¶6       OPM's regulations governing suitability actions specify that a denial of appointment or nonselection for a specific position is not a suitability action. *See* 5 C.F.R. § 731.203(b); *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 12 (2012). The agency's withdrawal of the tentative employment offer resulted in the denial of the appointment and the nonselection of the appellant for the position of Border Patrol Agent. Consequently, no suitability action took place here. *See Rodriguez v. Department of Homeland Security*, 112 M.S.P.R. 446,

¶¶ 8-9 (2009) (finding that OPM's regulations specify that a nonselection for a specific position is not a "suitability action" even if it is based on the criteria for making suitability determinations set forth in 5 C.F.R. § 731.202).  Because the appellant's arguments on review present no basis for finding jurisdiction over this appeal, we cannot consider the merits of the appellant's nonselection or the agency's hiring process.[2]  We therefore deny the petition for review.[3]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held

---

[2] The appellant speculates on review that his nonselection may be an act of retaliation against one of his parents, both of whom are Federal employees.  IAF, Tab 4 at 11. Apart from his speculative and vague allegation of retaliation, the appellant provides no facts or evidence to support an inference that his nonselection was retaliation against his parents.  Regardless, prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction.  *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).  The appellant, however, may seek redress for this claim from the Office of Special Counsel pursuant to the procedures set forth at 5 C.F.R. § 1800.1.

[3] Given our finding that this was not a negative suitability determination, we need not consider what would be the effect on this case, if any, of the recent National Defense Authorization Act of 2016, Pub. L. No. 114-92, § 1086, and its amendment to 5 U.S.C. § 7512, which states that "This subchapter . . . does not apply to -. . . (F) a suitability action taken by the [Office of Personnel Management] under regulations prescribed by the Office, subject to the rules prescribed by the President under this title for the administration of the competitive service."

that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.